IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. HOOK and PATTI HOOK, his wife, | ) ) CIVIL ACTION NO. 3:15-281 |
| Plaintiffs, | ) ) ) JUDGE KIM R. GIBSON |
| v. | ) ) |
| WHITING DOOR MANUFACTURING CORP. and C & S WHOLESALE GROCERS, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

**I.  Introduction**

This action comes before the Court upon a motion to dismiss portions of Plaintiffs' complaint filed by Defendant Whiting Door Manufacturing Corp. (ECF No. 12) and a motion to dismiss portions of Plaintiffs' complaint filed by Defendant C & S Wholesale Grocers, Inc. (ECF No. 14). For the reasons that follow, Defendant Whiting Door Manufacturing Corp.'s motion to dismiss will be **GRANTED**, and Defendant C & S Wholesale Grocers, Inc. motion to dismiss will be **GRANTED**. However, Plaintiffs will be granted leave to file an amended complaint as set forth in the Order.

**II.  Jurisdiction**

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the parties, and the amount in controversy in the state proceeding exceeds $75,000, exclusive of interest and

costs. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

### III. Background

This case involves an accident that occurred on November 4, 2013. The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motions.

Plaintiff Thomas W. Hook was employed as a truck driver and delivered groceries for Middlesex Transportation. (ECF No. 1 ¶ 9.) Mr. Hook drove a semi-truck trailer that was owned and maintained by Defendant C & S Wholesale Grocers, Inc. (*Id.*) The truck was equipped with a rolling rear door that was manufactured by Defendant Whiting Door Manufacturing Corp. (*Id.*) Defendant Whiting Door Manufacturing Corp. designed, manufactured, sold, or otherwise placed into the stream of commerce the rolling door with an attached strap that was used to open and close the rolling door when loading and unloading groceries from the truck. (*Id.* ¶ 10.)

While delivering groceries on November 4, 2013, Mr. Hook used the rolling door with an attached strap as it was intended to be used. (*Id.* ¶ 16.) As he was climbing out of the truck, Mr. Hook pulled on the strap of the rolling door, and the strap detached. (*Id.* ¶ 17.) Mr. Hook fell and sustained severe injuries, including: (1) closed head injury with headaches, a concussion, and memory, concentration, and focus issues; (2) fractured vertebrae in the back and lower back pain; (3) injury to the jaw; (4) injury to the ribs; (5) depression and anxiety; (6) injury and damage to the bones, muscles, nerves, nerve roots,

ligaments, tendons, cartilage, blood vessels, soft tissues, and underlying organs; (7) shock and injury to the nerves and nervous system, both functional and organic in nature; and (8) some and/or all of these injuries have or may result in a serious impairment of bodily functions. (*Id.* ¶¶ 17, 20.)

Plaintiffs filed this action on October 30, 2015, and assert five claims against Defendants. (*Id.* ¶¶ 18-73.) In Counts I and III, Mr. Hook asserts negligence claims against Defendants. (*Id.* ¶¶ 18-30, 51-63.) Mr. Hook includes a demand for punitive damages in Counts I and III. (*Id.* ¶¶ 29-30, 62-63.) In Count II, Mr. Hook asserts a claim for strict liability against Defendant Whiting Door Manufacturing Corp. (*Id.* ¶¶ 31-50.) Mr. Hook includes a demand for punitive damages in Count II. (*Id.* ¶¶ 49-50.) In Counts IV and V, Mr. Hook's wife, Plaintiff Patti Hook, asserts claims against Defendants for loss of consortium. (*Id.* ¶¶ 64-73.)

Defendant Whiting Door Manufacturing Corp. filed a motion to dismiss portions of Plaintiffs' complaint, along with a supporting brief, on February 4, 2016. (ECF Nos. 12, 13.) Defendant C & S Wholesale Grocers, Inc. filed a motion to dismiss portions of Plaintiffs' complaint, along with a supporting brief, on February 5, 2016. (ECF Nos. 14, 15.) Plaintiffs filed a brief in opposition to Defendants' motions on February 24, 2016, (ECF No. 18), and this matter is now ripe for disposition.

IV. **Standard of Review**

Defendants move to dismiss the amended complaint pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

4

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

**V.     Discussion**

Defendants have filed two motions to dismiss portions of the complaint, each arguing that Plaintiffs have failed to sufficiently plead facts that support their demands for punitive damages in Counts I, II, and III. (ECF Nos. 13 at 5-11; 15 at 4-7.) In response, Plaintiffs assert that Defendants have mischaracterized their claim for punitive damages as a cause of action. (ECF No. 18 at 1.) Specifically, Plaintiffs contend that *Iqbal* and *Twombly* are inapplicable because their request for punitive damages is a remedy or prayer for relief, not a separate cause of action that requires the pleading of specific facts. (*Id.* at 1-4.)

Initially, the Court notes that Defendant Whiting Door Manufacturing Corp., while applying Pennsylvania law, notes that New York law may apply to this matter

5

because the accident at issue occurred in New York. (*See* ECF No. 13 at 7 n.1.) In response, Plaintiffs note that any serious disputes regarding the application of Pennsylvania law "is a matter that can be addressed at a later date." (ECF No. 18 at 3-4 n. 1.) Because this Court is sitting in diversity jurisdiction, the Pennsylvania standard governing punitive damages applies here.

Next, the Court rejects Plaintiffs' argument that Defendants have improperly filed motions to dismiss their requests for punitive damages. It is well settled that a claim for punitive damages may be challenged as insufficiently pled under *Iqbal* and *Twombly*. *See, e.g.*, *Boring v. Google Inc.*, 362 Fed. Appx. 273, 283 (3d Cir. 2010) (applying *Iqbal* and *Twombly* in explaining that "courts do indeed dismiss claims for punitive damages in advance of trial" and in affirming the trial court's decision to grant the defendant's motion to dismiss the plaintiffs' claim for punitive damages); *Allegrino v. Conway E & S, Inc.*, No. 09-CV-1507, 2010 U.S. Dist. LEXIS 106734, at *38-39 (W.D. Pa. Oct. 6, 2010) (finding that the plaintiff's claim for punitive damages was insufficient under *Iqbal* and *Twombly* where the plaintiff "pled in a conclusory fashion that [the defendant] intentionally misled [him] with an evil intent and motive to defeat [his] Claim").

Punitive damages are an "extreme remedy" available only in the most exceptional matters. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984). Punitive damages "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless

6

conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). To establish a claim for punitive damages, a plaintiff must demonstrate that "(1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 772; *see also Ditzler v. Wesolowski*, No. 3:05-CV-325, 2007 U.S. Dist. LEXIS 56736, at *10 (W.D. Pa. Aug. 3, 2007).

Count I of Plaintiffs' complaint alleges that Defendant Whiting Door Manufacturing Corp.: (1) negligently manufactured, designed, sold, and distributed the rolling door with an attached strap, expecting that it would be used without inspections for defects of any danger to Mr. Hook; (2) negligently failed to provide adequate warnings regarding the use of the rolling door with an attached strap, causing it to be unreasonably dangerous to the intended user; (3) negligently manufactured, designed, sold, and distributed the rolling door with an attached strap without adequate information and data; (4) negligently failed to realize that consumers would foreseeably suffer serious injury as a result of the failure of the strap attached to the rolling door; (5) negligently designed the rolling door with an attached strap, causing it to be unreasonably dangerous at the time it left Defendant's possession; (6) negligently failed to consider at least one alternative design for the rolling door with an attached strap that was available to Defendant, was practical and feasible, and would have reduced or eliminated the foreseeable risk of harm to Mr. Hook; and (7) failed to exercise ordinary care in the manufacturing, designing, selling, or distributing of the rolling door with an attached strap when Defendant knew, or should have known, that Mr. Hook would suffer

7

severe injury if such care was not taken. (ECF No. 1 ¶ 19(a)-(g).) Mr. Hook avers that "Defendant's acts were outrageous, carried out with a flagrant disregard for the rights of others, including [Mr. Hook], and with actual awareness that its acts and failure would, in reasonable probability[,] result in human death or severe personal injury." (*Id.* ¶ 29.) Mr. Hook further alleges that "Defendant's acts were malicious, wanton, willful[,] and exhibited a reckless indifference to the rights of others." (*Id.* ¶ 30.)

Count II of Plaintiffs' complaint, which includes a claim for strict liability against Defendant Whiting Door Manufacturing Corp.,[1] alleges that: (1) the rolling door with an attached strap was defective and unsafe when it left Defendant's control because it subjected Mr. Hook to serious injuries when it was used in its intended manner; (2) Defendant was the manufacturer, seller, and distributor of the rolling door with an attached strap under the definition of strict liability as interpreted in Pennsylvania; (3) the rolling door with an attached strap, including its component parts, was not equipped or shipped with every element necessary to make it safe for reasonably foreseeable uses; (4) the rolling door with an attached strap and its component parts, as manufactured, sold, and supplied by Defendant, contained a manufacturing defect that caused the strap to detach; (5) the rolling door with an attached strap and its component parts, as manufactured, sold, and supplied by Defendant, was unreasonably dangerous, defective, and unsafe for use; (6) the rolling door with an attached strap was defective and unsafe as

---

[1] Plaintiffs' complaint states that Count II is a strict liability claim against Defendant Whiting Door Manufacturing Corp. (*Id.* ¶¶ 31-50.) However, within his claim, Mr. Hook occasionally uses the term "Defendants." (*Id.* ¶¶ 33, 35, 38.) For purposes of this decision, the Court interprets Mr. Hook's claim as against Defendant Whiting Door Manufacturing Corp. because the title of Count II states: "THOMAS W. HOOK V. WHITING DOOR MANUFACTURING CORP." (*See id.* at 7.)

8

supplied by Defendant because it was not assembled with the necessary components and hardware to make it safe; (7) Defendant is strictly liable for the manufacturing defect; and (8) the rolling door with an attached strap was unreasonably dangerous and defective pursuant to the Doctrine of Strict Liability. (*Id.* ¶¶ 32-39.) Mr. Hook avers that "Defendant's acts were outrageous, carried out with a flagrant disregard for the rights of others, including [Mr. Hook], and with actual awareness that its acts and failure would, in reasonable probability[,] result in human death or severe personal injury." (*Id.* ¶ 49.) Mr. Hook further alleges that "Defendant's acts were malicious, wanton, willful[,] and exhibited a reckless indifference to the rights of others." (*Id.* ¶ 50.)

Count III of Plaintiffs' complaint alleges that Defendant C & S Wholesale Grocers, Inc.: (1) failed to inspect the rolling door with an attached strap when it knew, or in the exercise of reasonable care should have known, that the failure to inspect it could result in serious injury to the intended users, including Mr. Hook; (2) failed to train and/or negligently trained its employees to inspect the rolling door with an attached strap when it knew, or in the exercise of reasonable care should have known, that the intended users, including Mr. Hook, could suffer serious injury as a result of such failure; (3) negligently maintained the semi-truck trailer equipped with the rolling door with an attached strap; (4) failed to provide adequate warnings regarding the use of the rolling door with an attached strap, causing an unreasonable risk of harm to the intended users, including Mr. Hook; (5) failed to train or negligently trained its employees to maintain the rolling door with an attached strap when it knew, or in the exercise of reasonable care should have known, that the intended users, including Mr. Hook, could suffer serious injury as a result

9

of such failure; (6) failed to maintain the rolling door with an attached strap when it knew, or in the exercise of reasonable care should have known, that the intended users, including Mr. Hook, could suffer serious injury as a result of such failure; (7) failed to exercise ordinary care in the maintenance of the rolling door with an attached strap when it knew, or should have known, that Mr. Hook would suffer injury if such care was not taken; (8) breached express warranties regarding the safety of the rolling door with an attached strap; (9) breached implied warranties of merchantability and/or fitness for a particular purpose concerning the rolling door with an attached strap. (*Id.* ¶ 52(a)-(i).) Mr. Hook avers that "Defendant's acts were outrageous, carried out with a flagrant disregard for the rights of others, including [Mr. Hook], and with actual awareness that its acts and failure would, in reasonable probability[,] result in human death or severe personal injury." (*Id.* ¶ 62.) Mr. Hook further alleges that "Defendant's acts were malicious, wanton, willful[,] and exhibited a reckless indifference to the rights of others." (*Id.* ¶ 63.)

Accepting the allegations of Plaintiffs' complaint as true, this Court finds that Plaintiffs have not alleged sufficient facts to establish a plausible claim for punitive damages against Defendants. While the facts alleged support Plaintiffs' claims for negligence and strict liability, they do not rise to the level of outrageous conduct required under Pennsylvania law to warrant punitive damages. Rather, Plaintiffs' allegations regarding their request for punitive damages are conclusory statements and not factual averments sufficient to state a plausible claim for relief. Thus, based upon the allegations in the complaint, Plaintiffs have failed to satisfy the pleading requirements of the rules of

procedure to set forth a plausible claim for relief for punitive damages in Counts I, II, and III against Defendants. The Court will therefore grant Defendants' motion to dismiss the punitive damages claim in Counts I, II, and III of the complaint. *See, e.g.*, *Boring*, 362 Fed. Appx. at 283 (affirming the trial court's decision to grant the defendant's motion to dismiss the plaintiffs' claim for punitive damages because the complaint "fails to allege conduct that is outrageous or malicious" and "there are no facts suggesting that [the defendant] acted maliciously or recklessly or that [the defendant] intentionally disregarded the [plaintiffs'] rights"); *McCullough v. Peeples*, No. 3:14-CV-123, 2015 U.S. Dist. LEXIS 27683, at *17 (W.D. Pa. Mar. 5, 2015) (granting motion to dismiss the plaintiff's claim for punitive damages where the plaintiff alleged that the defendant's actions "constituted outrageous conduct and demonstrated wanton and reckless indifference to the [plaintiff's] safety" and "evidenced conscious acts of an unreasonable character and demonstrated disregard of a risk"); *Gregg v. Lonestar Transp., LLC*, No. 3:14-CV-44, 2015 U.S. Dist. LEXIS 27680, at *10-11 (W.D. Pa. Mar. 6, 2015) (granting motion to dismiss the plaintiff's claim for punitive damages because the plaintiff failed to allege sufficient supporting facts); *Allegrino*, 2010 U.S. Dist. LEXIS 106734, at *38-39 (dismissing the plaintiff's request for punitive damages because it was "pled in a conclusory fashion").

The law is well settled that, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F. 3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chem.*

11

*Co.*, 921 F. 2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F. 3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014). In light of these legal principles favoring the opportunity to amend a deficiently pleaded complaint, the Court will grant Plaintiffs leave to amend their complaint.

## VI. Conclusion

For the reasons stated above, the Court will grant Defendants' motions to dismiss Plaintiffs' complaint. The Court will grant Plaintiffs leave to amend their complaint as set forth in the Order.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS W. HOOK and PATTI HOOK, his wife, | ) ) ) | CIVIL ACTION NO. 3:15-281 |
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| WHITING DOOR MANUFACTURING CORP. and C & S WHOLESALE GROCERS, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 6th day of July, 2016, upon consideration of the Defendants' motions to dismiss portions of Plaintiffs' complaint (ECF Nos. 12, 14), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motions are **GRANTED**. Plaintiffs' requests for punitive damages in Counts I, II, and III of their complaint are dismissed.

**IT IS FURTHER ORDERED** that Plaintiffs are granted 21 days from July 6, 2016, to file an amended complaint.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE